VERMONT AND CANADA RAILROAD CO.

v.

VERMONT CENTRAL RAILROAD CO.

RUTLAND RAILROAD CO., PETITIONER,

CENTRAL VERMONT RAILROAD CO., PETI-
TIONEE.

GENERAL TERM, 1892.

*Construction of mandate.    Taxation of railroads under
No. 1, St. 1882.*

Under a mandate of the supreme court that the petitionee be al-
lowed, in reduction of the rent due from it to the petitioner,
all taxes paid to the State in accordance with the provisions
of No. 1, St. 1882, the petitionee cannot deduct an amount
in excess of what the taxes would be if computed upon the
actual gross receipts of the railroads of the petioner.

This was an appeal by the Central Vermont railroad com-
pany, petitionee, from the decree of the court of chancery
for the county of Franklin, construing the mandate of the
supreme court in this case.

The original case is reported in 63 Vt. 1.    That part of
the mandate in question is as follows:

"That all taxes paid to the State by the petitionee, in ac-

cordance with the provisions of said act of 1882, notwithstanding its invalidity as above held, were, as against the petitioners, valid payments and so, *pro tanto*, payments in extinguishment of rent due the petitioner."

The report of the master in the original case showed that the Central Vermont company had computed and paid to the State taxes upon the actual gross receipts of the railroads of the Rutland company, with the exception of the two half years ending December 31, 1883, and June 30, 1884. For those two half years it had treated its entire system as one railroad, computed and paid taxes to the State upon that theory, and charged the Rutland company with that proportion of the entire tax paid which the length of its line bore to the length of the entire system of the Central Vermont. By this method of computation the gross amount of taxes paid to the State was decreased, but the amount charged to the Rutland company was increased.

The petitioner contended that the Central Vermont company could only pay taxes for it, in accordance with the provisions of the act of 1882, upon the gross receipts accruing upon the line of its railroads, and that it could not, under the mandate of the supreme court, deduct from the rent due a greater sum than the taxes would amount to, if so computed, upon its own gross receipts. The chancellor so decreed, and from his decree in that respect the Central Vermont company appealed.

*B. F. Fifield* for the petitionee.

The mandate of the supreme court is binding literally upon the court below. *Sortwell* v. *M. and W. R. R. R. Co.*, 56 Vt. 180; *Sturgess* v. *Railroad Co.*, 36 Vt. 439.

The mandate in this case directs the chancellor to allow the Central Vermont company the amount actually paid by it as taxes, and the master finds that it has actually paid a

sum in excess of the amount allowed by the chancellor. The decree should be corrected in that particular.

*C. A. Prouty* for the petitioner.

The mandate directs that the petitionee shall be allowed whatever it has paid to the State by way of taxes for the petitioner "in accordance with the provisions of the act of 1882." That act, as construed by this court in 63 Vt. 1, imposes upon each railroad in the State "as a railroad," the taxes therein specified. According to that act the petitioner was in equity bound to pay the tax computed upon its own gross receipts, but was not bound to pay any portion of the taxes computed upon the gross receipts of the Central Vermont company. The chancellor decreed that the petitionee should only be allowed for taxes upon the actual gross receipts of the railroads of the petitionee, and that decree should be affirmed. *Rutland R. R. Co.* v. *Central Vt. R. R. Co.*, 63 Vt. 1.

TAFT, J. The only question before us arises upon the construction of the mandate sent to the court of chancery upon the disposition of this case as reported in 63 Vt. 1. It related to the imposition of taxes under a legislative act approved November 28, 1882, entitled "An act to provide revenue for the payment of State expenses," and it was adjudged that the petitionee was entitled to apply as payments in extinguishment of rent due from it to the petitioner, all taxes paid by it to the State, upon the petitioner's account in accordance with the provisions of said act. The taxes imposed by the act were upon the gross earnings of railroads. The petitionee was in possession of various roads, two of which belonged to the petitioner, and the taxes upon the two roads were properly assessed to the petitionee as the lessee in possession of them. The petitionee paid the taxes as-

sessed upon all the roads in its possession, and charged the petitioner a proportion thereof, determined by the mileage of the respective roads. The sum so paid and charged was in excess of what it paid as a tax upon the actual gross receipts derived from the business done upon the petitioner's roads. The amount of the tax upon the actual gross receipts of the Rutland and Addison roads was all that the petitionee paid upon the petitioner's account, in accordance with the provisions of the act of 1882, and that is all that the petitionee can apply in payment of rent for the time in question. This sum was allowed the petitionee by the decree appealed from, which was strictly in accordance with the mandate, and the same is

*Affirmed and cause remanded.*

Start and Thompson, JJ., did not sit, having been of counsel.